**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIKKO JAVOR QUARLES,<br><br>  Plaintiff,<br><br>  v.<br><br>STAN SNIFF, et al.,<br><br>  Defendants. | Case No. EDCV 16-1234-MWF (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, who is presently held at the Southwest Detention Center in Murrieta, CA, filed this *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on June 10, 2015. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's Complaint named as defendants Riverside County Sheriff Stan Sniff, and a "doe" officer assigned to the Robert Presley Detention Center ("RPDC"). (ECF No. 1 at 1-2.) On July 25, 2016, plaintiff sought leave to file an amended pleading. (ECF No. 14.)

On January 6, 2017, plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 25.) In the FAC, plaintiff names as defendants Sheriff Sniff, Deputy Sheriff "Graham/Grissom," Deputy Sheriff Rodriguez, Lieutenant Sharp, and multiple "does," all in connection with the RPDC. Defendants are named in their

official as well as individual capacities. (*Id.* at 3-4.) Accompanying the FAC are exhibits including two copies of a "Declaration" from plaintiff, which is not signed under penalty of perjury. (*Id.* at 7- 9, 17-19.) Plaintiff purports to raise one claim pursuant to the Eighth Amendment. (*Id.* at 5.) The FAC seeks injunctive relief and monetary compensation. (*Id.* at 6.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's allegations fail to state a short and plain statement of any claim and appear insufficient to state a claim upon which relief may be granted. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to

amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than March 10, 2017, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

## DISCUSSION

Plaintiff's FAC fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

At the outset, it is not clear to the Court what the legal basis may be for any civil rights claim that plaintiff is purporting to raise in the FAC. Plaintiff purports to set forth only one claim (ECF No. 25 at 5), but within this single "claim," plaintiff references his Eighth Amendment right to be free from cruel and unusual punishment; denials of medication and "mobility aids"; an incident during which a sheriff deputy "beat" him; a fractured foot he sustained while in custody; that he was forced to crawl inside a cell; a denial of showers; grievances were denied; and that he was "moved from the medical floor and [his] cane was taken for over 24 hrs." He also alleges that the "Riverside County Sheriff" ignored the "American with Disability Rights Act" [sic]; that he has a right to file a grievance "without fear of retribution for exercising" that right; and that defendants took "part in using force" against plaintiff. (*Id.* at 3, 5.) In addition, plaintiff references a class action lawsuit, and alleges that he was "targeted" because he was a plaintiff in the other federal lawsuit. (*Id.* at 5.) Plaintiff also alleges that he is "disabled," that he has a

"long history of mental illness" as well as disabilities that require "walking aids," and that a "doe" defendant moved him to a "regular housing unit with no medical accomodations [sic] and no canes allowed." (*Id.*)  Plaintiff, however, does not allege that any specific, named defendant took any action, participated in another's action, or omitted to perform an act that he was legally required to do that **caused** a violation of plaintiff's constitutional rights.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Here, the FAC fails to clearly and plainly allege that the action of any defendant **caused** a constitutional violation.

Plaintiff set forth supporting facts in the body of his FAC (ECF No. 25 at 5). He also attached a "Declaration of Nikko Quarles" to the FAC that sets forth additional factual allegations (*id.* at 7-9), and then he attached what appears to be a duplicate "Declaration of Nikko Quarles" as his Exhibit C2 (*id.* at 17-19). Neither version of the "Declaration" is referenced in plaintiff's "claim."  In the "Declaration," plaintiff sets forth factual allegations concerning, *inter alia*, various cell movements, the loss of his personal property, false disciplinary actions taken against him, the deprivation of his cane, a refusal to provide breakfast, and an incident during which an unnamed "officer" punched plaintiff. (*See* ECF No. 25 at 7-9.) Accordingly, it is unclear to the Court whether the attached documents have relevance to the claim that plaintiff is purporting to raise in his FAC.

Further, plaintiff names the defendants in their official capacities. The Supreme Court, however, has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally,

for the real party in interest is the entity." *Id.*, 473 U.S. at 166. Further, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Here, the FAC fails to set forth any allegations that any specific policy or custom by a government entity was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").

Moreover, plaintiff names Sheriff Sniff as a defendant, but, as the Supreme Court has emphasized, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that Sheriff Sniff "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Plaintiff's FAC fails to so allege.

In order to establish a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show that a specific defendant was deliberately indifferent to his serious medical needs.[2] *See Helling v. McKinney*, 509 U.S. 25, 32

---

[2] To the extent that plaintiff was a pretrial detainee during the relevant times, any claim(s) alleging inadequate medical care by a pretrial detainee would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering

(1993); *Estelle v. Gamble*, 429 U.S. 97, 103, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

Here, because plaintiff references numerous medical conditions, including mental illness, a need for "walking aids," an assault, and a suicide watch, it is unclear to the Court what serious medical need plaintiff is alleging. In order to meet the objective element of a deliberate indifference claim, "a plaintiff must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Next, to meet the subjective element, "a prisoner must demonstrate that the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious

---

claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Nevertheless, with respect to a claim of constitutionally inadequate medical care, the deliberate indifference standard of the Eighth Amendment applies to pretrial detainees. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees"), *overruled in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim).

harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Here, because plaintiff fails to set forth a short and plain statement of his federal civil rights claims, it is not clear what claim or claims plaintiff is raising concerning his "medical treatment" against which defendants. (ECF No. 25 at 5.)

Accordingly, the Court finds that plaintiff's factual allegations regarding inadequate medical care, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any Eighth Amendment claim "across the line from conceivable to plausible" *Twombly*, 550 U.S. at 570.

For all of these reasons, it is altogether unclear to the Court what federal civil rights claim plaintiff is purporting to raise in the FAC and what the legal and factual basis of plaintiff's claim may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)

("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to the potential claim against them, and, as a result, it would be extremely difficult for the defendants to formulate applicable defenses.

The Court therefore finds that the FAC fails to comply with Rule 8

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than March 10, 2017, remedying the pleading deficiencies discussed above**. The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure

41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: January 24, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE